## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**PITZELE FARM CENTER LLC**                                   **PLAINTIFF**

**vs.**                        **NO.: 3:23-CV-000019 (JM)**

**ISABELLA CASILLAS GUZMAN,**
**in her capacity as Commissioner of the**
**U.S. SMALL BUSINESS ADMINISTRATION**            **DEFENDANT**

### AMENDED PETITION FOR REVIEW OF DECISION
### OF THE U.S. SMALL BUSINESS ADMINISTRATION

Comes the Plaintiff, Pitzele Farm Center, LLC ("PFC"), by and through its attorneys,

Hurst Burnett PLC, and for its amended petition for review of a decision of the U.S. Small

Business Administration ("SBA") states:

1.       PFC is a limited liability company organized and existing under the laws of the

State of Arkansas conducting business in Pocahontas, Randolph County, Arkansas.

2.       PFC is comprised of two members, Kyle Baltz ("Baltz") and Jeremy Baltz.

Baltz holds a 50% of the membership interest in PFC.

3.       PFC employs less than 500 employees.

4.       Baltz is a majority shareholder, Director and the President of RiverBank.

5.       RiverBank enjoys "preferred lender" status through the Farm Service Agency

and "express lender status" through SBA.

6.       Baltz also holds a 50% membership interest in AG Headquarters Peanuts LLC

("AGHQ"), and is a shareholder, director and officer of Baltz Feed Company, Inc. ("BFC").

7.       SBA is a United States government agency that provides support to small

businesses through guaranties of indebtedness owed by borrowers to private lenders. The current Commissioner of SBA is Isabella Casillas Guzman. SBA is headquartered at 409 Third St, SW, Washington D.C., and may be served pursuant to Fed. R. Civ. P. 4(i).

8.       Pursuant to 15 U.S.C. § 634(b)(1), SBA is not shielded from this action by the doctrine of sovereign immunity.

9.       This action is brought pursuant to 13 C.F.R. § 134.1211(g), 5 U.S.C. §§ 702 and 704. PFC has exhausted its administrative appeal with the United States Small Business Administration Office of Hearing and Appeals, and its decision is now final. Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of the final decision issued by the Honorable Judge Christopher Holleman on December 12, 2022.

10.      PFC's petition and amended petition are timely filed.

11.      PFC seeks judicial review of SBA's determination that PFC was ineligible for a loan by RiverBank given under the Paycheck Protection Program (the "PPP"). In connection therewith, PFC seeks an order from this Court declaring that PFC was eligible to receive a loan under the PPP, and that it's loan should be fully forgiven. See 28 U.S.C. § 2201.

12.      This Court has jurisdiction of the subject matter and parties and venue is proper.

13.      On March 13, 2020, President Donald Trump declared the Coronavirus pandemic of sufficient severity to warrant an emergency declaration for the United States of America and districts and territories.

14.     In response to the pandemic, on March 27, 2020, President Trump signed the Coronavirus, Aid, Relief, and Economic Security Act (the "CARES Act") to provide emergency financial assistance to individuals, families and small businesses.

15.     The CARES Act funded the SBA and charged it with the implementation of the PPP.

16.     As part of the implementation of the PPP, SBA released its application effective as of March, 2020, for lenders, such as RiverBank, to submit to SBA for review.

17.     SBA also released loan applications for lenders to provide their customers to facilitate the lenders collection of information to provide SBA through its lender form.

18.     An initial lender forms released by SBA was titled the PPP Lender's Application form 7(a) Loan Guaranty ("SBA Form 2484 03/20"). Attached hereto and incorporated herein as Exhibit "2" is a true and correct copy of SBA Form 2484 03/20.

19.     During the relevant time period, Julie Williams ("Williams") was an employee of RiverBank and its "Authorized Lender Official".

20.     Baltz and Williams, who was designated to lead RiverBank's implementation of the PPP program, after reviewing guidance, rules, and articles being released, decided additional clarity was needed from SBA about whether PFC (and the other businesses owned by Kyle Baltz) was eligible for a PPP loan through RiverBank.

21.     With Baltz's and Williams' collective knowledge of the general conflicts of interest provisions involving government guaranteed loans and after having reviewed the requirements and certifications in SBA Form 2484 03/20, Baltz and Williams decided a

cautious approach was warranted and additional guidance was needed before PFC (and other businesses owned by Kyle Baltz) was eligible to receive a PPP loan through RiverBank.

22.     SBA Form 2484 03/20 contained the following provisions that justified their "wait and see" approach:

**F.     Types of Ineligible Businesses**
- Lender has reviewed the Applicant and has ***determined it is not an ineligible business under 13 CFR 120.110 and SOP 50 10***, other than a 501(c)(3) nonprofit organization or a religious business or organization that provides secular services that are available to the general public ("SBA Form 2484 03/20 Certification 1") (***Emphasis added.***).

&

On behalf of my Lending Institution,
- I certify that the Applicant is eligible and Lender's credit file contains the documentation that supports the ***Lender's determination of eligibility per SOP 50 10*** and the Paycheck Protection Program Guide and any Federal Register Notices published for the Paycheck Protection Program I ("SBA Form 2484 03/20 Certification 2") (***Emphasis added.***).

23.     On April 3, 2020, SBA released a subsequent Lender Application Form entitled Paycheck Protection Program Loan Guaranty ("SBA Form 2484 04/20").  Attached hereto and incorporated herein as Exhibit "3" is a true and correct copy of SBA Form 2484 04/20.

24.     SBA Form 2484 04/20 relaxed the application requirements and certifications RiverBank was required to make for certain customers, such as PFC, to obtain a PPP loan.

25.     SBA Form 2484 04/20 no longer required RiverBank to make the certifications under 13 CFR § 120.110 and SOP 50 10, both of which govern eligibility and certain conflicts of interest.

26.     Instead, SBA Form 2484 04/20 removed SBA Form 2484 03/20 Certification

<u>1 and SBA Form 2484 03/20 Certification 2</u> and only required RiverBank to make the following determination and certification:

> **F.   Applicant Certification of Eligibility** (*If not true, the loan cannot be approved*)
> - The Applicant has certified to the Lender that the Applicant is eligible under the ***Paycheck Protection Program Rule*** (the "SBA Form 2484 04/20 Certification") (***Emphasis added.***).

See Exhibit "3," p. 1.

27.     The change in the SBA Forms evidenced a more relaxed approach by SBA with respect to PFC's eligibility for a PPP loan from RiverBank.  The change further allowed Williams to submit the form as RiverBank's "Authorized Lender Official" by certifying that she, personally, did not have a conflict of interest.  <u>See</u> Exhibit "3," p. 2. "Lender Certification, bullet point 3.

28.     This change further led Baltz and Williams to reasonably conclude that PFC was eligible for a PPP loan despite Baltz's relationships with PFC (and his other entities) and RiverBank.

29.     This change also led to Baltz's and Williams' correct determination that SBA's general conflict of interest rules under 13 CFR § 120.110 and SOP 50 10 no longer applied to the PPP.  The express language of SBA Form 2484 04/20 supports this conclusion as stated on page 1, paragraph 1:

> The purpose of this form is to collect identifying information about the Lender, the Applicant, the loan guaranty request, sources and uses of funds, the proposed structure (which includes pricing and the loan term), and compliance with SBA Loan Program Requirements.  As used in this application, '***Paycheck Protection Program Rule***' refers to the ***rules in effect at the time you submit this application*** that have been issued by the Small Business

Administration (SBA) implementing the Paycheck Protection Program under ***Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act)*** (the "Introductory Paragraph").  (***Emphasis added.***)

30.     The SBA Form 2484 04/20 Certification, which now only required RiverBank to certify compliance with the PPP Rule, and this Introductory Paragraph, which provided that PPP was to be governed by the PPP Rule and the CARES Act <u>as both existed at the time RiverBank submitted the application</u>, demonstrated that PFC <u>was eligible</u> for a PPP loan through RiverBank.

31.     Because the PPP Rule at this time did not specifically address eligibility issues, this Court must conclude that PFC was eligible for a PPP loan through RiverBank under the CARES Act.

32.     PFC submitted its PPP Borrower Application Form to RiverBank on April 3, 2020.  Attached hereto and incorporated herein as Exhibit "4" is a true and correct copy of the PPP Borrower Application Form submitted by PFC.

33.     RiverBank approved and submitted SBA Form 2484 04/20 to SBA on April 3, 2020.

34.     On April 8, 2020, PFC signed its Promissory Note (the "Note") in favor of RiverBank for the amount of its loan, $175,800.  Attached hereto and incorporated herein as Exhibit "5" is a true and correct copy of the Note.

35.     On April 9, 2020, RiverBank funded PFC's PPP loan.  Attached hereto and incorporated herein as Exhibit "6" is a true and correct copy of the Official Check from RiverBank to PFC citing SBA-PPP # 70627.

36.     In accordance with the Introductory Paragraph and the SBA Form 2484 04/20 Certification, the law in effect between April 3, 2020, and April 8, 2020 applies to the determination of PFC's eligibility for a PPP loan.

37.     Title I, Section 1102 of the CARES Act includes PFC as an eligible business. It provides:

 (B) PAYCHECK PROTECTION LOANS. – Except as otherwise provided in this paragraph, the Administrator may guarantee covered loans [or a loan made under this paragraph during this time period] under the same terms, conditions, and processes as a loan made under this subsection.

    . . .

 (D) INCREASED ELIGIBILITY FOR CERTAIN SMALL BUSINESSES AND ORGANIZATIONS –
  (i) IN GENERAL – During the covered period, in addition to small business concerns, *any business concern*, nonprofit organization, veterans organization, or Tribal business convern described in section 31(b)(2)(c) *shall be eligible to receive a covered loan if* the business concern, nonprofit organization, veterans organization, or Tibal business concern *employs not more than the greater of* —
   (I) *500 employees*; or
   (II) if applicable, the size standard in number of employees established by the Administration for the industry in which the business concern, nonp0rofit organization, veterans organization, or Tribal business concern operates. (***Emphasis added.***)

38.     Under the express language of the CARES Act, PFC was eligible for a PPP loan.

39.     In its determination of PFC's eligibility for a PPP loan through RiverBank, SBA cites 13 C.F.R. § 120.110 and 13 C.F.R. § 120.140.  Attached hereto and incorporated herein as Exhibit "7" is a true and correct copy of SBA's initial denial letter.

40.     13 C.F.R. § 120.110 and 13 C.F.R. § 120.140 did not apply during this time period. See 85 Fed. Reg. 20811, 20812 (April 15, 2020) (this regulation was made effective April 15, 2020).

41.     SBA Form 2484 04/20 completely removed the 13 CFR § 120.110 certification.

42.     The CARES Act provided only two (2) limitations for eligibility: (1) that the business have 500 employees or less, or (2) the business must otherwise comply with the size standard for number of employees established by SBA for the industry of that particular business concern, whichever is greater.  PFC meets this criteria.

43.     SBA acknowledged in its initial denial letter that Baltz received two other PPP loans through RiverBank.  Upon information and belief, SBA is referring to the loans RiverBank made to AGHQ and BFC.

44.     AGHQ and BFC each received loans from RiverBank through the PPP.

45.     The PPP loans to AGHQ and BFC were forgiven by SBA meaning that SBA concluded that these entities were both eligible despite Baltz's interests in AGHQ, BFC, and RiverBank.

46.     SBA's determination of eligibility and its forgiveness of the RiverBank loans to BFC and AGHQ constitute an admission by SBA that the conflicts of interest rules being applied to PFC do not apply .

47.     Alternatively, SBA's determination of eligibility and its forgiveness of RiverBank's loans to BFC and AGHQ constitute a waiver by SBA of the conflicts of interest

rules it is attempting to apply to Baltz and PFC.

48.     Any conflict of interest that existed from Baltz's relationship with BFC and AGHQ and RiverBank was present at the time the issue of eligibility was determined for BFC and AGHQ.

49.     SBA arbitrarily determined that it would not forgive PFC's indebtedness because Baltz had received what SBA initially determined to be enough forgiveness already.

50.     The amount of forgiveness received by AGHQ and BFC s does not provide a legal basis for the finding that PFC was ineligible to receive a PPP loan.

51.     The Honorable Judge Holleman's opinion finds that "the First IFR clearly incorporated the ineligibility criteria of § 120.110 into the PPP rules." He further finds that "since businesses in which a Lender's associate holds an equity interest are not eligible for 7(a) loans, it follows that such businesses are also ineligible for PPP loans, and thus, ineligible for forgiveness if they in fact received a PPP loan. See Exhibit "1".

52.     Judge Holleman's opinion must be overturned. As demonstrated herein and as stated in paragraph 40, the first interim final rule was not made effective until April 15, 2020. See 85 Fed. Reg. 20811, 20812 (April 15, 2020). See Exhibit "1," p. 2.

53.     Moreover, Judge Holleman's opinion finds that PFC "received the loan under PPP on April 30, 2022." This is an inaccurate finding of fact. See Exhibit "6".

54.     PFC submitted its PPP Borrower Application Form to RiverBank prior to the effective date of the IFR.

55.     SBA approved PFC's request for a PPP loan prior to the effective date of the

First IFR

56.     PFC signed the Note <u>prior to</u> the effective date of the First IFR.

57.     PFC's PPP loan was funded <u>prior to</u> the effective date of the First IFR.

58.     PFC is entitled to an order from this Court finding that PFC was eligible under the CARES Act to receive a PPP loan for the reasons stated herein. In doing so, this Court must overturn SBA's initial and final decision regarding PFC's eligibility.

59.     In addition, this Court must enter an order finding that because PFC was eligible, it is entitled to full forgiveness of its PPP loan.

WHEREFORE, Plaintiff, Pitzele Farm Center LLC prays for an order determining that it was eligible to receive a loan under the Paycheck Protection Program, that it overturn the findings of the U.S. Small Business Administration that a conflict of interest applied for the reasons stated herein, that PFC is also entitled to full forgiveness of such loans, plus its costs, attorney's fees, and for all other proper relief.

Respectfully submitted,

**HURST BURNETT PLC**
P.O. Box 1149
Jonesboro, AR 72403
(870) 268-7608 (ph)
(870) 268-7607 (fx)

By _____

Ronald S. Burnett, Jr. (2006180)
Attorneys for PFC

## **CERTIFICATE OF SERVICE**

I, Ronald S. Burnett, Jr., hereby certify that a copy of the above and foregoing pleading was served on the following parties or counsel of record:

Richard M. Pence, Jr.
Assistant U.S. Attorney
Eastern District of Arkansas
425 W. Capitol Ave., 5th Fl.
P.O. Box 1229
Little Rock, AR 72203-1229

on this ____ day of May, 2023.


_____
Ronald S. Burnett, Jr.

# United States Small Business Administration
## Office of Hearings and Appeals

PAYCHECK PROTECTION PROGRAM
APPEAL OF:

Pitzele Farm Center, LLC

      Appellant

Appealed from SBA PPP Loan No.
4447267007

Decided:  December 12, 2022

SBA No. PPP-4447267007

## APPEARANCES

Ronald S. Burnet, Jr., Esq, Parker Hurst & Burnett PLC, Jonesboro, Arkansas, for Pitzele Farm Center, LLC.

Arlene Embrey, Esq., Agency Representative, Washington, District of Columbia, for U.S. Small Business Administration.

## DECISION

### I.  Introduction and Jurisdiction

On August 5, 2021[1], the U.S. Small Business Administration (SBA) Office of Hearings and Appeals (OHA) received an appeal petition in the above captioned matter from Pitzele Farm Center, LLC (Appellant).  OHA has jurisdiction to adjudicate Paycheck Protection Program (PPP) appeals under the Small Business Act, 15 U.S.C. §§ 631 *et seq.* and 13 C.F.R. Part 134.

### II.  Background

#### A.  Cares Act 2020

On March 25, 2020, in response to the economic distress caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. 116-136, 134 Stat. 281 (2020).  Among other provisions, the CARES Act established the PPP at Section 1102.  The PPP lends money to eligible small businesses to assist them in

---

[1] Appellant initially filed an appeal petition on August 5, 2021, to OHAFilings@sba.gov, before the OHA Case Portal went online.  Subsequently, on September 22, 2021, Appellant filed its appeal in the Portal.

EXHIBIT

1

covering expenses and making payroll for their workers to keep them employed during the pandemic.

On April 2, 2020, SBA posted an interim final rule (IFR) announcing the implementation of sections 1102 and 1106 of the CARES Act. Section 1102 of the CARES Act temporarily added a new program, titled the "Paycheck Protection Program," to the SBA's 7(a) Loan Program. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

### B. PPP Loan Application, Forgiveness, and Appeal

On April 3, 2020, Appellant first applied for a PPP loan. (Administrative Record (AR), at 106-107.) On or about April 8, 2020, Appellant signed a promissory note in the amount of $175,800.00 with RiverBank (Lender). (AR, at 18-19.) On April 30, 2020, Appellant received the loan under PPP Loan Number 4447267007. (AR, at 115.) On August 11, 2020, Appellant executed a PPP Loan Forgiveness Application Form 3508EZ, requesting forgiveness for the full amount of the loan. (AR, at 110-113.)

On July 13, 2021, SBA issued a final SBA loan review decision, denying forgiveness because it found Appellant was ineligible to receive a PPP loan. (AR, at 16-17.) SBA based its decision to deny forgiveness upon SBA's regulation pursuant to 13 C.F.R. § 120.110(o), stating:

> It is confirmed that a Guidehouse Investigation report shows Kyle Baltz (50% owner) is the President and CEO of RiverBank. Pursuant to 13 C.F.R. §§ 120.110 and 120.140 it is questionable PFC is eligible to receive the PPP loan because Kyle Baltz serves as a 50% owner of the borrower Pitzele Farm Center LLC and as CEO of RiverBank the lender. The Addendum A to Form 2483 confirms common ownership. It is noted that Kyle Baltz received two additional PPP loans through RiverBank and both loans have been fully forgiven. Per SOP 50 10 5(k), page 15, section 3a (Ethical Requirements Placed on a Lender and Conflicts of Interest). Neither a Lender nor its Associates may have a real or apparent conflict of interest with a small business or SBA (13 CFR § 120.140 and 13 CFR Part 105). Lenders must exercise care and judgment in determining whether a conflict of interest exists and document the file in detail. SBA will not guarantee a loan if the Lender, its Associates, partner(s) or a close relative: Has a direct or indirect financial or other interest in the Applicant.

(*Id.*)

On August 5, 2021, Appellant filed an appeal with OHA. Appellant alleges that its principal and 50% owner, Mr. Baltz, and RiverBank's Controller, Julie Williams, reviewed the rules and decided a cautious approach was warranted and additional guidance was needed before the issue of whether Appellant was eligible for a PPP loan through RiverBank. Appellant alleges

they considered language and certifications in the SBA Form 2484 03/20, the PPP Lender's Application for a 7a Loan Guaranty. The Form included language where the lender certifies it has reviewed a loan applicant and determined it was not an ineligible business under 13 C.F.R. § 120.110 and SOP 50 10. Appellant argues that the Lender Application Form 2484 04/20 released on April 3, 2020, substantially relaxed the requirements and certifications RiverBank was required to make for certain customers to obtain a PPP loan. (Appeal, at 1-4.)

The Form 2484 04/20 no longer required the certification referenced above, but only required the Lender to certify that the applicant was eligible under the PPP Rule. Appellant maintains, this change evidenced a more relaxed approach with respect to its eligibility and led Mr. Baltz and Ms. Williams to reasonably conclude that Appellant was now eligible for a PPP loan despite Mr. Baltz's relationships with Appellant and RiverBank, and that SBA's conflict of interest rules under 13 C.F.R. § 120.110 and SOP 50 10 no longer applied. Appellant refers to language in the Form, which states the purpose of the Form is to collect identifying information about the Lender, Applicant, loan guaranty request, sources and uses of funds, and compliance with SBA Loan Program Requirements. The Form states it refers to rules in effect at the time the application is submitted, which have been issued by SBA implementing the PPP under the CARES Act. The Lender only had to certify compliance with the PPP rule. The PPP Rule did not specifically address eligibility issues. (*Id.*, at 4-5.)

Appellant asserts it was eligible under the CARES Act because it employed 500 employees or less. Appellant notes it submitted its application on April 3, 2020, and Appellant signed a Promissory Note on April 8, 2020. Appellant maintains that the law in effect on these dates applies to this loan. Appellant argues that under the CARES Act, § 1102, it is an eligible business, because it provides that any business concern which employs no more than 500 employees shall be eligible to receive a covered loan. (*Id.*, at 6-7.)

Appellant further argues that the standard conflict of interest rules do not apply here. Appellant maintains that SBA Form 2484 04/20 completely removed the 13 C.F.R. § 120.110 certification leading to the reasonable conclusion that the laws governing conflict of interest do not apply to PPP. The CARES Act provides only two limitations on eligibility, that the concern have 500 employees or less or that the business must be small under the size standard for number of employees for its particular industry. Appellant meets this standard. The CARES Act does not expressly adopt or even cite to 13 C.F.R. § 120.110 or § 120.140 as applicable for determining eligibility. SBA noted in its letter that entities associated with Mr. Baltz had received two other loans which were forgiven, and yet those loans should have had the same conflict as Appellant. SBA's findings here are in error and should be overturned. (*Id.*, at 7-8.)

## C. SBA's Response

On November 14, 2022, SBA responded to the appeal. SBA asserts its conflict-of-interest regulations were in full force and effect at the time of Appellant's PPP application through the plain language of the CARES Act rendering Appellant ineligible, and ineligible loans do not qualify for forgiveness. (SBA Response, at 3.)

SBA argues the CARES Act placed the PPP squarely within SBA's existing business loan program under Section 7(a) of the Small Business Act of 1958, Pub. L. No. 85-536, 72 Stat. 384. Congress confirmed the placement of PPP with the 7(a) Program was deliberate, specifying that "[e]xcept as otherwise provided" the Administrator may guarantee PPP loans "under the same terms, conditions and processes" as a 7(a) loan. (*Id.*, citing CARES Act § 1102, 134 Stat, at 287 (codified at 15 U.S.C. § 636(a)(36)(B).)

SBA notes the Act modified certain 7(a) provisions. It waived the requirements for borrower collateral and personal loan guarantees that apply to ordinary Section 7(a) loans (15 U.S.C. § 636(a)(36)(J). It exempted PPP borrowers from the requirement that Section 7(a) applicants demonstrate an inability to obtain credit elsewhere on reasonable terms (15 U.S.C. § 636(a)(36)(I). It waived application of SBA affiliation rules for borrowers in certain industries (15 U.S.C. § 636(a)(36)(D)(iv)). The CARES act does not have an exception for ineligible businesses under 13 C.F.R. § 120.110(o) nor is there an exception to the ethical guidance for lenders at 13 C.F.R. § 120.140. (*Id.*, at 4.)

SBA further argues the First Interim Final Rule (IFR), posted on April 2, 2020, specifically directed borrowers to 13 C.F.R. § 120.110 to ascertain eligibility. Further, although the provisions were modified in a subsequent IFR posted at 85 Fed. Reg. 21747, 21750-21751 (April 20, 2020), Mr. Baltz's ownership exceeds the permissible amount even under the modified regulation. (*Id.*, citing AR, at 104-107.)

SBA argues its eligibility rules have applied to the PPP loan program since its inception. The CARES Act and SBA regulations make clear that ineligible borrowers will not receive forgiveness under the CARES Act. (*Id.* at 5, citing 15 U.S.C. § 636(b); 85 Fed. Reg. 33004, 33005 (May 28, 2020); 86 Fed. Reg. 8283, 8296 (February 3, 2021).)

III.   Discussion

A.   Timeliness and Standard of Review

Appellant filed its appeal within 30 days of its receipt of the SBA Final Loan Review Decision (FLRD), so it is timely. 13 C.F.R. § 134.1202(a). Appellant has the burden of proving the FLRD is based on a clear error of fact or law. 13 C.F.R. § 134.1210.

B.   Analysis

Pursuant to the CARES Act § 1102(a) (adding Paragraph (36) to 15 U.S.C. § 636(a)), PPP loans are to be guaranteed "under the same terms, conditions, and processes" as SBA's Section 7(a) loans. 15 U.S.C. § 636(a)(36)(B). The Administrator of SBA has broad statutory authority to make such rules and regulations as she deems necessary (15 U.S.C. § 634(b)(6)), and to take all actions necessary and desirable in making loans (15 U.S.C. § 634(b)(7)). The Agency's regulations identify certain types of businesses as ineligible for 7(a) loans at 13 C.F.R. § 121.110. One of these ineligibility criteria is "[b]usinesses in which the Lender or CDC, or any

of its Associates owns an equity interest." 13 C.F.R. § 120.110(o).[2]

As mentioned, *supra*, on April 2, 2020, SBA posted the First IFR, implementing Sections 1102 and 1106 of the CARES Act. 85 Fed. Reg. 20811, 20812 (April 15, 2020). The First IFR clearly incorporated the ineligibility criteria of § 120.110 into the PPP rules. Since businesses in which a Lender's associate holds an equity interest are not eligible for 7(a) loans, it follows that such businesses are also ineligible for PPP loans, and thus, ineligible for forgiveness if they have in fact received a PPP loan.

As SBA notes, while the CARES Act waived some of the requirements of Section 7(a) loans, such as the borrower collateral and personal loan guarantees that apply to ordinary Section 7(a) loans (15 U.S.C. § 636(a)(36)(J)), the requirement that Section 7(a) applicants demonstrate an inability to obtain credit elsewhere on reasonable terms (15 U.S.C. § 636(a)(36)(I), and the application of SBA affiliation rules for borrowers in certain industries (15 U.S.C. § 636(a)(36)(D)(iv)), the CARES Act does not have an exception for ineligible businesses under 13 C.F.R. § 120.110(o) nor is there an exception to the ethical guidance for lenders at 13 C.F.R. § 120.140. (*Id.*, at 4.) Thus, while the CARES Act explicitly exempted a number of 7(a) Program requirements, it did not drop the eligibility requirements of § 120.110. This reinforces the IFR's requirement that the eligibility rules at § 120.110 apply to PPP loans.

The AR shows and Appellant concedes that Mr. Baltz owns 50% of Appellant and is President and CEO of the Lender. Section II.B, *supra*; AR, at 124. Applying the regulations here, Mr. Baltz is an "Associate" of Lender under 13 C.F.R. § 120.10 with an equity interest in Appellant, therefore, not eligible for a PPP loan, and not eligible for forgiveness of that loan, under 13 C.F.R. § 120.110(o).[3]

Appellant's argument that its eligibility is based upon a change in the language of the SBA loan application forms, that the requirement to comply with 13 C.F.R. § 120.110 was dropped with the PPP program and based on the general language of the CARES Act, that "any business" with no more than 500 employees is eligible for a PPP loan, are each unpersuasive. Nothing in the application forms explicitly drops or exempts the clear requirements of the regulations, which incorporated the eligibility standards at § 120.110, and control the issue in this case. Appellant's interpretation and reading of the application forms and the CARES Act does not alter this analysis or override a properly promulgated regulation.

---

[2] The regulation defines "Associate" as an officer, director, key employee or holder of 20% or more of the value of the Lender's stock. 13 C.F.R. § 120.10.

[3] Appellant's argument that entities controlled by Mr. Baltz have received forgiveness of PPP loans is irrelevant to the issue at hand and to the instant PPP Loan. Even if an error was made in those cases, it does not change the fact that Appellant is an ineligible borrower for this PPP loan, and thus, ineligible for forgiveness.

PPP-4447267007

## IV. Conclusion

SBA reasonably determined that Appellant was ineligible for the PPP loan it received, and that Appellant consequently is not entitled to forgiveness of that loan. Accordingly, Appellant has failed to show clear error in the FLRD, and the appeal therefore must be DENIED.

This is the initial decision of the SBA. However, unless a request for reconsideration is filed under 13 C.F.R. § 134.1211(c), or unless the SBA Administrator elects to review this decision pursuant to 13 C.F.R. § 134.1211(d), this decision shall become the final decision of the SBA 30 calendar days after its service. See 13 C.F.R. § 134.1211(b). This decision is non-precedential but may be published. 13 C.F.R. § 134.1211(e) and (f).

*Christopher Holleman*
CHRISTOPHER HOLLEMAN
Administrative Judge



## Paycheck Protection Program
## Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other | DBA or Tradename if Applicable |
|---|---|---|

**Business Legal Name**

| **Business Address** | **Business TIN (EIN, SSN)** | **Business Phone** |
|---|---|---|
| | | ( )    - |
| | **Primary Contact** | **Email Address** |

| Average Monthly Payroll: | $ | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ | Number of Employees: |
|---|---|---|---|---|
| Purpose of the loan (select more than one): | ☐Payroll ☐Lease / Mortgage Interest ☐Utilities ☐Other (explain): | | | |

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 1. | Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2. | Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3. | Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4. | Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 5. | Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?<br>Initial here to confirm your response to question 5 → _____ | ☐ | ☐ |
| 6. | Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?<br>Initial here to confirm your response to question 6 → _____ | ☐ | ☐ |
| 7. | Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8. | Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☐ |

**EXHIBIT**

tabbies® 2

SBA Form 2483 (04/20)



**Paycheck Protection Program**
**Borrower Application Form**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

<u>CERTIFICATIONS AND AUTHORIZATIONS</u>

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

<u>CERTIFICATIONS</u>

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_____ The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_____ Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_____ The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_____ The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

_____ I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

_____ During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

_____ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

_____ I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____
Signature of Authorized Representative of Applicant

_____
Date

_____
Print Name

_____
Title

SBA Form 2483 (04/20)



**Paycheck Protection Program**
**Borrower Application Form**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and *submitted to your SBA Participating Lender*. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee. For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

- For a sole proprietorship, the sole proprietor;

- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

- For a corporation, all owners of 20% or more of the corporation;

- For limited liability companies, all members owning 20% or more of the company; and

- Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to : Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial



**Paycheck Protection Program**
**Borrower Application Form**

institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

SBA Form 2483 (04/20)



**Paycheck Protection Program**
**Lender Application Form - Paycheck Protection Program Loan Guaranty**

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

The purpose of this form is to collect identifying information about the Lender, the Applicant, the loan guaranty request, sources and uses of funds, the proposed structure (which includes pricing and the loan term), and compliance with SBA Loan Program Requirements. This form reflects the data fields that will be collected electronically from lenders; no paper version of this form is required or permitted to be submitted. As used in this application, "Paycheck Protection Program Rule" refers to the rules in effect at the time you submit this application that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

**Instructions for Lenders**

All Paycheck Protection Program (PPP) loans are processed by all Lenders under delegated authority from SBA. This application must be submitted and signed electronically in accordance with program requirements, and the information requested is to be retained in the Lender's loan file.

---

**A. Lender Information**

Lender Name: _____     Lender Location ID: _____

Address: _____   City: _____   St: _____   Zip: _____

Lender Contact: _____   Ph: (   )   -   Cell or Ext: (   )   -

Contact Email: _____   Title: _____

---

**B. Applicant Information**

Check One:  ☐ Sole Proprietor  ☐ Partnership  ☐ C-Corp  ☐ S-Corp  ☐ LLC  ☐ Independent contractor
☐ Eligible self-employed individual  ☐ 501(c)(3) nonprofit  ☐ 501(c)(19) veterans organization
☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act)  ☐ Other

Applicant Legal Name: _____

DBA: _____   Business Tax ID: _____

Applicant Address: _____   City, State, Zip: _____

Applicant Primary Contact: _____   Phone: (   )   -

---

**C. Loan Structure Information**

Amount of Loan Request: $_____   Guarantee %: 100%   Loan Term in # of Months: 24   Payment: Deferred 6 mos.

Applicant must provide documentation to Lender supporting how the loan amount was calculated in accordance with the Paycheck Protection Program Rule and the CARES Act, and Lender must retain all such supporting documentation in Lender's file.

Interest Rate: 1%

---

**D. Loan Amount Information**

| | |
|---|---|
| Average Monthly Payroll multiplied by 2.5 | $ |
| Refinance of Eligible Economic Injury Disaster Loan, net of Advance (if Applicable; see Paycheck Protection Program Rule) | $ |
| **Total** | $ |

---

**E. General Eligibility** *(If the answer is no to either, the loan cannot be approved)*

- The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC, (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant, (3) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, and (4) the Applicant has not received another Paycheck Protection Program loan.   ☐ Yes  ☐ No

- The Applicant has certified to the Lender that it (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.   ☐ Yes  ☐ No

---

**F. Applicant Certification of Eligibility** *(If not true, the loan cannot be approved)*

- The Applicant has certified to the Lender that the Applicant is eligible under the Paycheck Protection Program Rule.   ☐ True

---

**G. Franchise/License/Jobber/Membership or Similar Agreement** *(If applicable and no, the loan cannot be approved)*

- The Applicant has represented to the Lender that it is a franchise that is listed in the SBA's Franchise Directory.   ☐ Yes  ☐ No

---

**EXHIBIT**
tabbies
3

| **H. Character Determination** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has represented to the Lender that neither the Applicant (if an individual) nor any individual owning 20% or more of the equity of the Applicant is subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or is presently incarcerated, or on probation or parole. | ☐ Yes | ☐ No |
| • The Applicant has represented to the Lender that neither the Applicant (if an individual) nor any individual owning 20% or more of the equity of the Applicant has within the last 5 years, for any felony: 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment); | ☐ Yes | ☐ No |

| **I. Prior Loss to Government/Delinquent Federal Debt** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has certified to the Lender that neither the Applicant nor any owner (as defined in the Applicant's SBA Form 2483) is presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy. | ☐ Yes | ☐ No |
| • The Applicant has certified to the Lender that neither the Applicant nor any of its owners, nor any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government. | ☐ Yes | ☐ No |

| **J. U.S. Employees** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has certified that the principal place of residence for all employees included in the Applicant's payroll calculation is the United States. | ☐ Yes | ☐ No |

| **K. Fees** *(If yes, Lender may not pass any agent fee through to the Applicant or offset or pay the fee with the proceeds of this loan)* | | |
|---|---|---|
| • Is the Lender using a third party to assist in the preparation of the loan application or application materials, or to perform other services in connection with this loan? | ☐ Yes | ☐ No |

### SBA Certification to Financial Institution under Right to Financial Privacy Act (12 U.S.C. 3401)

By signing SBA Form 2483, Borrower Information Form in connection with this application for an SBA-guaranteed loan, the Applicant certifies that it has read the Statements Required by Law and Executive Orders, which is attached to Form 2483. As such, SBA certifies that it has complied with the applicable provisions of the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401) and, pursuant to that Act, no further certification is required for subsequent access by SBA to financial records of the Applicant/Borrower during the term of the loan guaranty.

### Lender Certification

On behalf of the Lender, I certify that:

- The Lender has complied with the applicable lender obligations set forth in paragraphs 3.b(i)-(iii) of the Paycheck Protection Program Rule.
- The Lender has obtained and reviewed the required application (including documents demonstrating qualifying payroll amounts) of the Applicant and will retain copies of such documents in the Applicant's loan file.

I certify that:

- Neither the undersigned Authorized Lender Official, nor such individual's spouse or children, has a financial interest in the Applicant.

Authorized Lender Official: _____     Date: _____
                                    Signature

Type or Print Name: _____     Title: _____

NOTE: According to the Paperwork Reduction Act, you are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated burden for completing this form, including time for reviewing instructions, gathering data needed, and completing and reviewing the form is 25 minutes per response. Comments or questions on the burden estimates should be sent to U.S. Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Rm. 10202, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**



**Paycheck Protection Program**
Borrower Application Form

OMB Control No. 3245-0407
Expiration Date 09/30/2020

| Check One | ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S Corp ☒ LLC<br>☐ Independent contractor ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec 31(b)(2)(C) of Small Business Act) ☐ Other | DBA or Tradename if Applicable |
|---|---|---|
| **Business Legal Name** | | |
| | Pitzele Farm Center LLC | |

| **Business Address** | **Business TIN (EIN, SSN)** | **Business Phone** |
|---|---|---|
| 828 Hwy 67 North | 20-2495370 | ▮▮▮▮▮ |
| Pocahotnas, AR  72455 | **Primary Contact**<br>Jeremy Baltz | **Email Address**<br>▮▮▮▮▮ |

| Average Monthly Payroll | $ 7033 9 | x 2 5 + EIDL Net of<br>Advance (if Applicable)<br>Equals Loan Request | $ 175848 | Number of Employees | 23 |
|---|---|---|---|---|---|
| Purpose of the loan<br>(select more than one) | ☒Payroll ☒Lease / Mortgage Interest ☒Utilities ☐Other (explain) _____ | | | | |

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant  Attach a separate sheet if necessary

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| Jeremy Baltz | Owner | 50 | ▮▮▮▮▮ | 997 Navy Drive Pocahontas  AR |
| Kyle Baltz | Owner | 50 | ▮▮▮▮▮ | 430 Navy Drive Pocahontas  AR |

*If questions (1) or (2) below are answered  Yes,  the loan will not be approved*

| | Question | Yes | No |
|---|---|---|---|
| 1 | Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment  declared ineligible  voluntarily excluded from participation in this transaction by any Federal department or agency  or presently involved in any bankruptcy? | ☐ | ▮ |
| 2 | Has the Applicant  any owner of the Applicant  or any business owned or controlled by any of them  ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ▮ |
| 3 | Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with  any other business? If yes  list all such businesses and describe the relationship on a separate sheet identified as addendum A | ▮ | ☐ |
| 4 | Has the Applicant received an SBA Economic Injury Disaster Loan between January 31  2020 and April 3, 2020? If yes  provide details on a separate sheet identified as addendum B | ☐ | ▮ |

*If questions (5) or (6) are answered  Yes,  the loan will not be approved*

| | Question | Yes | No |
|---|---|---|---|
| 5 | Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment  criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction or presently incarcerated or on probation or parole?<br>Initial here to confirm your response to question 5 → *KPB* | ☐ | ▮ |
| 6 | Within the last 5 years  for any felony  has the Applicant (if an individual) or any owner of the Applicant 1) been convicted 2) pleaded guilty  3) pleaded nolo contendere 4) been placed on pretrial diversion  or 5) been placed on any form of parole or probation (including probation before judgment)?<br>Initial here to confirm your response to question 6 → *KPB* | ☐ | ▮ |
| 7 | Is the United States the principal place of residence for all employees of the Applicant included in the Applicant s payroll calculation above? | ☐ | ▮ |
| 8 | Is the Applicant a franchise that is listed in the SBA s Franchise Directory? | ☐ | ▮ |

SBA Form 2483 (04/20)

1

**EXHIBIT**

**4**



**Paycheck Protection Program**
**Borrower Application Form**

<u>**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**</u>

<u>CERTIFICATIONS AND AUTHORIZATIONS</u>

I certify that

- I have read the statements included in this form including the Statements Required by Law and Executive Orders and I understand them
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A Title I of the Coronavirus Aid, Relief and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule)
- The Applicant (1) is an independent contractor eligible self-employed individual or sole proprietor or (2) employs no more than the greater of 500 or employees or if applicable, the size standard in number of employees established by the SBA in 13 C F R 121 201 for the Applicant s industry
- I will comply whenever applicable with the civil rights and other limitations in this form
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule
- To the extent feasible I will purchase only American-made equipment and products
- The Applicant is not engaged in any activity that is illegal under federal, state or local law
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31 2020 and April 3 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule

For Applicants who are individuals I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act as amended

<u>CERTIFICATIONS</u>

The authorized representative of the Applicant must certify in good faith to all of the below by initialing next to each one

*KPB*    The Applicant was in operation on February 15 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors as reported on Form(s) 1099-MISC

*KPB*    Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant

*KPB*    The funds will be used to retain workers and maintain payroll or make mortgage interest payments lease payments and utility payments as specified under the Paycheck Protection Program Rule I understand that if the funds are knowingly used for unauthorized purposes the federal government may hold me legally liable such as for charges of fraud

*KPB*    The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant s payroll as well as the dollar amounts of payroll costs covered mortgage interest payments covered rent payments and covered utilities for the eight-week period following this loan

*KPB*    I understand that loan forgiveness will be provided for the sum of documented payroll costs covered mortgage interest payments covered rent payments and covered utilities and not more than 25% of the forgiven amount may be for non-payroll costs

*KPB*    During the period beginning on February 15 2020 and ending on December 31 2020 the Applicant has not and will not receive another loan under the Paycheck Protection Program

*KPB*    I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250 000 under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5 000 and if submitted to a federally insured institution under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1 000 000

*KPB*    I acknowledge that the lender will confirm the eligible loan amount using required documents submitted I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA s authorized representatives including authorized representatives of the SBA Office of Inspector General for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews

_____
Signature of Authorized Representative of Applicant

*Kyle BALTZ*
_____
Print Name

4/3/2020
_____
Date

*MEMBER*
_____
Title

SBA Form 2483 (04/20)

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $175,800.00 | 04-08-2020 | 04-08-2022 | ****627 | 32 | 20-2495370 | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Pitzele Farm Center LLC
P O Box 20
Pocahontas , AR  72455

**Lender:** RiverBank
Pocahontas Branch
1700 Old County RD
PO Box 397
Pocahontas, AR  72455

**EXHIBIT**
tabbies 5

---

**Principal Amount: $175,800.00**          **Interest Rate: 1.000%**          **Date of Note: April 8, 2020**

**DISCLAIMER.** It is RiverBank's intention to provide a quick response to the pandemic crisis and therefore acknowledge the signed SBA Note will supersede an language that may differ on the RiverBank documents.

**PROMISE TO PAY.** Pitzele Farm Center LLC ("Borrower") promises to pay to RiverBank  ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Hundred Seventy-five Thousand Eight Hundred & 00/100 Dollars ($175,800.00), together with interest on the unpaid principal balance from April 8, 2020, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 1.000% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, Borrower will pay this loan in 19 payments of $9,368.91 each payment. Borrower's first payment is due October 8, 2020, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on April 8, 2022, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any escrow or reserve account payments as required under any mortgage, deed of trust, or other security instrument or security agreement securing this Note; then to any late charges; and then to any unpaid collection costs. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (365 for all years, including leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a minimum interest charge of $25.00. Other than Borrower's obligation to pay any minimum interest charge, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: RiverBank , Pocahontas Branch, 1700 Old County RD, PO Box 397, Pocahontas, AR  72455.

**LATE CHARGE.** If a payment is 5 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment or $15.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**PROMISSORY NOTE**
**(Continued)**

Loan No: ██627

Page 2

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Arkansas without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Arkansas.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Randolph County, State of Arkansas.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $25.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the debt against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** This loan is unsecured.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: RiverBank 1700 Old County RD Pocahontas, AR 72455.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

**BORROWER:**

**PITZELE FARM CENTER LLC**

By: _____         By: _____
Jeremy Baltz, Owner of Pitzele Farm Center LLC        Kyle Baltz, Owner of Pitzele Farm Center LLC

**LENDER:**

**RIVERBANK**

X _____
Amy Jumper, Loan Operations Manager

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER



**RiverBank**
P.O. Box 397
Corning, AR 72422
P.O. Box 397
Pocahontas, AR 72455

**OFFICIAL CHECK**

.031959

BT-7010/2841

April 9, 2020

Remitter: RiverBank

$175,800DOL00CTS

175,800.00

Pitzele Farm Center

Memo: SBA-PPP # 627

AUTHORIZED SIGNATURE

**EXHIBIT**

6



**SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416**



**SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416**

VIA Forgiveness Platform

Julie Williams

RiverBank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
   Borrower: Pitzele Farm Center LLC
   SBA Loan No. 4447267007
   Loan Approval Amount: $175,800.00
   Loan Approval Date: 04/03/2020
   Lender Forgiveness Decision Submission Date: 08/11/2020
   Requested Forgiveness Amount: 175800.00
   SBA Final Forgiveness Amount: None

## *Dear: Julie Williams*

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) forgiveness request. Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan forgiveness review decision.

SBA has determined that forgiveness is declined in part or in full for the following reasons:

---

**It is confirmed that a Guidehouse Investigation report shows Kyle Baltz (50% owner) is the President and CEO of RiverBank. Pursuant to 13 CFR 120.110 and 120.140 it is questionable PFC is eligible to receive the PPP loan because Kyle Baltz serves as a 50% owner of the borrower Pitzele Farm Center LLC and as CEO of RiverBank the lender. The Addendum A to Form 2483 confirms common ownership. It is noted that Kyle Baltz received two additional PPP loans through RiverBank and both loans have been fully forgiven. Per SOP 50 10 5(k), page 15, section 3a, (Ethical Requirements**

**EXHIBIT**

tabbies·

7

Placed on a Lender and Conflicts of Interest). Neither a Lender nor its Associates may have a real or apparent conflict of interest with a small business or SBA (13 CFR § 120.140 and 13 CFR Part 105). Lenders must exercise care and judgment in determining whether a conflict of interest exists and document the file in detail. SBA will not guarantee a loan if the Lender, its Associates, partner(s) or a close relative: Has a direct or indirect financial or other interest in the Applicant.

---

You must continue to service the loan and the Borrower is required to begin making principal and interest payments. Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the Borrower and notify the Borrower that the loan must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment of will be due and the amount of the Borrower's regular payment.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Appeals of Certain SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

• An appeal petition must be filed with OHA within 30 calendar days after the borrower's receipt of the final SBA loan review decision, or notification by the lender of the final SBA loan review decision, whichever is earlier. 13 CFR § 134.1204.
• Borrower must include a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1202(a)(2).
• An appeal to OHA and a request for review by the Administrator of a disputed initial decision or reconsidered initial decision are administrative remedies that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1216.]

Thank you for your cooperation.

Sincerely,

Office of Financial Program Operations
U.S. Small Business Administration